```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FREDERICO GIOVANNELLI,              :
                                    :
             Petitioner,            :      07 Civ. 3069 (JSR)
                                    :
      -v-                           :             ORDER
                                    :
UNITED STATES OF AMERICA,           :
                                    :
             Respondent.            :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

     On November 27, 2007, the Honorable Theodore H. Katz, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court deny petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and deny his request for the appointment of counsel pursuant to the Criminal Justice Act. Petitioner timely filed objections to the Report. Accordingly, the Court has reviewed the motion and the underlying record de novo. Having done so, and having carefully considered petitioner's objections, the Court finds itself in agreement with Judge Katz's thorough and well-reasoned Report.

     Petitioner's objections to the Report focus on the portion of the jury charge describing the allegations that Giovannelli acted in certain ways "knowing that such disclosure might help the targets [of the grand jury investigation] to hide assets" and take other actions that would interfere with the grand jury proceedings. The Court's Instructions of Law to the Jury ("Final Instructions") at 16. Petitioner argues strenuously that this "might" language permitted

the jury to convict him on a standard requiring a lesser intent than that required by the Supreme Court in United States v. Aguilar, 515 U.S. 593 (1995). Inexcusably, however, petitioner's objections completely ignore the portion of the charge that specifically instructed the jury as to the intent element it was required to find beyond a reasonable doubt: that it must find that Giovannelli acted "with the specific motive or purpose of obstructing or impeding the grand jury's proceedings in some respect." Final Instructions at 16.

Magistrate Judge Katz properly considered the entire obstruction charge, including both portions described above, in analyzing – and ultimately rejecting – petitioner's ineffective assistance of counsel claim. See United States v. Clark, 765 F.2d 297, 303 (2d Cir. 1985) ("In reviewing the charge for error we are bound by the principle that it must be viewed in its entirety and not on the basis of excerpts taken out of context . . . ."). For the reasons Magistrate Judge Katz so ably describes, the Court agrees with him that Giovannelli was not prejudiced by counsel's failure to object because: (1) had the Court sustained the objection and removed the "might" language from the charge, it is overwhelmingly likely that the jury nonetheless would have convicted Giovannelli of the obstruction charge, see Report at 20-21; (2) had the Court overruled the objection, the Second Circuit, on appeal, would not have found the charge as a whole to have been erroneous, see Report at 22-25; and (3) even if the Second Circuit found the charge erroneous, it could only have concluded that any error was "harmless," see Report

at 25-26.  Accordingly, the Court agrees with Magistrate Judge Katz that petitioner's ineffective assistance of counsel claim is meritless.  The Court reaches this conclusion, moreover, without even having to take note of the obvious fact that Giovannelli was represented at trial by extraordinarily able counsel.

In light of this conclusion, the Court also agrees with Magistrate Judge Katz's determination that petitioner's request for appointment of counsel under the Criminal Justice Act should be denied.

For the foregoing reasons, the Court hereby adopts Magistrate Judge Katz's Report and Recommendation, and dismisses the petition.  In addition, since the petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue under 28 U.S.C. § 2253(c)(2), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.  Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
       February 15, 2008

_____
JED S. RAKOFF, U.S.D.J.